**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-3324

———————

AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY, LLC
d/b/a Anniemac Home Mortgage

v.

CROSSCOUNTRY MORTGAGE, INC.

Todd Bailey; Shawn Miller; Steven LoBue; CrossCountry Mortgage, Inc.,
Appellants

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:20-cv-00874)
District Judge:  Hon. Susan D. Wigenton

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 7, 2021

———————

Before:  SHWARTZ, NYGAARD, and FISHER, <u>Circuit Judges</u>.

(Filed:  October 8, 2021)

———————

OPINION*

———————

SHWARTZ, <u>Circuit Judge</u>.

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

American Neighborhood Mortgage Acceptance Company, LLC d/b/a AnnieMac Home Mortgage ("AnnieMac") sued its former employees, Todd Bailey, Shawn Miller, and Steven Lo Bue (collectively, "Individual Defendants"), and CrossCountry Mortgage, LLC ("CrossCountry") (collectively with Individual Defendants, "Defendants"). After Individual Defendants moved to compel arbitration and stay the case, AnnieMac filed an Amended Complaint that dropped all claims against them. The District Court dismissed as moot Individual Defendants' motion to compel arbitration, and Defendants appealed. Because Individual Defendants' motion to compel arbitration and stay the case was mooted once AnnieMac's Amended Complaint dropped its claims against them, we will affirm the order dismissing their motion.

I

A

AnnieMac and CrossCountry are mortgage lenders. Individual Defendants worked for AnnieMac as co-branch managers and as loan officers, and they each signed a Branch Manager Employment Agreement ("Employment Agreements"). These Employment Agreements required them to keep AnnieMac's information confidential and included identical arbitration provisions that, in relevant part, state:

> Employer and Employee agree to submit to final and binding arbitration for any and all disputes, claims (whether in tort, contract, statutory or otherwise); and disagreements concerning (1) the interpretation or application of this Agreement, (2) Employee's employment by Employer, or (3) the termination of this Agreement and the termination of Employee's employment by Employer, including the ability to arbitrate any such controversy or claim.

App. 154, 171, 187. Individual Defendants left AnnieMac and joined CrossCountry.

2

AnnieMac alleges that while Individual Defendants still worked for AnnieMac, they diverted its employees, customers, loans, and other confidential information to CrossCountry.

B

Based on this alleged misappropriation, AnnieMac sued Defendants for violating federal and state law. Individual Defendants moved to compel arbitration and to stay the action pending arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq.[1]

AnnieMac then filed an Amended Complaint that named only CrossCountry as a defendant. Defendants moved to strike the Amended Complaint as untimely, filed without their consent, and filed without leave of the Court, all pursuant to Federal Rule of Civil Procedure 15(a). The District Court denied Defendants' motion to strike the Amended Complaint and dismissed as moot Individual Defendants' motion to compel arbitration and stay the case.

Defendants appeal.[2]

---

[1] CrossCountry joined the motion, but it did not argue that any of the claims against it were arbitrable.

[2] A motions panel dismissed the appeal "with respect to the order denying the motion to strike the amended complaint and dismissing CrossCountry's motion to dismiss as moot," ECF No. 20, and Defendants now concede that they did not appeal the denial of their motion to strike the Amended Complaint.

## II[3]

## A

Before turning to the merits of this appeal, we must determine whether we have jurisdiction. Under the FAA, "[a]n appeal may be taken from . . . an order . . . refusing a stay of any action under section 3 of" the FAA or "denying a petition under section 4 of" the FAA to compel arbitration. 9 U.S.C. § 16(a)(1)(A)-(B). Thus, the FAA provides "an exception to the final decision rule in 28 U.S.C. § 1291." Bacon v. Avis Budget Grp., Inc., 959 F.3d 590, 597 (3d Cir. 2020). In other words, "[i]f we conclude that the order [on appeal] denied a motion to compel arbitration, then we will exercise jurisdiction even if that order is not final." Id. "To determine whether [the order on appeal resolved] a motion to compel arbitration, we examine (1) 'the caption and relief requested in the underlying motion' and (2) 'the label and the operative terms of the district court's order.'" Id. (quoting Devon Robotics, LLC v. DeViedma, 798 F.3d 136, 146-47 (3d Cir. 2015)).

Here, Individual Defendants' motion is captioned as one "to compel arbitration and stay this action under 9 U.S.C. § 3," App. 93, and its accompanying brief asks the District Court to "enter an Order compelling mandatory arbitration . . . and staying the remaining claims," App. 114. The order states that the "Motion to Compel Arbitration/Stay is Dismissed as Moot." App. 5. Because the dismissal order in effect "declin[ed] to compel arbitration," we have jurisdiction to review it. Sandvik AB v.

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367.

4

Advent Int'l Corp., 220 F.3d 99, 100, 103 (3d Cir. 2000) (recognizing Congress intended that appellate courts "promptly" review "orders declining to compel arbitration"); see 9 U.S.C. § 16(a)(1).[4]

B[5]

Having determined that we have appellate jurisdiction, we now turn to the merits. The FAA provides that a district court "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Furthermore, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Thus, "[t]he FAA requires courts to stay litigation and compel arbitration of claims covered by a written, enforceable arbitration agreement." Bacon, 959 F.3d at 599.

Once the District Court denied the motion to strike and accepted the Amended Complaint, which omitted claims against Individual Defendants, those defendants were no longer parties to this case. Thus, no case or controversy existed between AnnieMac

---

[4] Cf. Quilloin v. Tenet HealthSystem Phila., Inc., 673 F.3d 221, 228 (3d Cir. 2012) ("[W]e have the authority to review an appeal from the District Court's order denying a motion to compel arbitration, irrespective of the fact that the order was denied without prejudice.").

[5] We exercise plenary review over a district court's order denying a motion to compel arbitration and stay the case. Brayman Const. Corp. v. Home Ins. Co., 319 F.3d 622, 624-25 (3d Cir. 2003); Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 925 (3d Cir. 1992).

and Individual Defendants for the Court to resolve.  Therefore, Individual Defendants'

motion to compel arbitration of the claims in the original Complaint against them was

moot.  See Old Bridge Owners Coop. Corp. v. Twp. of Old Bridge, 246 F.3d 310, 314

(3d Cir. 2001) ("Mootness occurs when there is no live controversy left to be resolved.").

Defendants counter that the District Court should have decided Individual

Defendants' motion to compel arbitration before allowing AnnieMac to amend its

Complaint.  Before compelling a party to arbitrate, a district court must determine

"whether a concededly binding arbitration clause applies to a certain type of

controversy."  In re Remicade (Direct Purchaser) Antitrust Litig., 938 F.3d 515, 519 (3d

Cir. 2019) (quoting Lamps Plus, Inc. v. Varela, 139 S. Ct. 1407, 1416-17 (2019)).  To do

so, a court must determine whether the complaint raises a dispute covered by the

arbitration agreement.  Here, the Court had to first identify the operative complaint.

Once the Court denied the motion to strike the Amended Complaint, it became the

operative complaint because an amended complaint generally supersedes the original

complaint.  Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017).  Because the

Amended Complaint controlled, the "type of controversy" set forth in the original

Complaint—which included AnnieMac's claims against Individual Defendants—no

longer existed.  As a result, there were no claims to arbitrate.  The only remaining

defendant was CrossCountry, and it is not a party to the Employment Agreements

between AnnieMac and Individual Defendants, and no claims against it are otherwise

subject to arbitration.[6]  Therefore, the Court properly dismissed as moot Individual

Defendants' motion to compel arbitration and stay the case.[7]

III

For the foregoing reasons, we will affirm.

---

[6] CrossCountry has not asserted that it, as a non-signatory to the arbitration provisions, can compel AnnieMac to arbitrate its claims against CrossCountry.

Nonetheless, Defendants contend that, even after the Amended Complaint superseded the Complaint, Individual Defendants' motion to compel arbitration was still not moot because (1) the relevant arbitration provisions apply to "disputes" and "disagreements" relating to the Employment Agreements, Appellants' Br. at 25 (citing App. 154, 171, 187); and (2) the Amended Complaint still presented such disputes and disagreements even after Individual Defendants were dismissed from the case.  Even if we assume that the Amended Complaint includes the type of "disputes" or "disagreements" covered by the arbitration provisions, the District Court could not provide any relief to Individual Defendants once they were dropped from the operative complaint.  See U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 516 (3d Cir. 2007) (noting that "parties that do not appear in amended complaints have a legitimate expectation that they are no longer involved in the litigation").

[7] To conclude otherwise would force AnnieMac to pursue claims against Individual Defendants that it has, at least for now, disavowed.  This result would conflict with the rule that a "plaintiff is the master of her own complaint." Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 505 (3d Cir. 2014).